UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

SHUN WARREN,

        Petitioner,

        v.                                         Case No. 09-C-0919

WILLIAM POLLARD,

        Respondent.

DECISION AND ORDER GRANTING PETITIONER'S
MOTION TO SUPPLEMENT THE RECORD (DOC. 41)

On November 30, 2011, this court issued a decision and order denying Shun Warren's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Subsequently, this court granted Warren a certificate of appealability. On July 11, 2012, pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B), Warren moved to supplement the record with three letters filed with the Wisconsin Court of Appeals, in the matter of *State of Wisconsin v. Shun Warren*, No. 2003AP002493. The respondent indicated that it does not object to supplementing the record. Notably, Warren acknowledges that the letters he seeks to add to the appellate record "were inadvertently omitted from [his] earlier briefing with this Court solely because [he] was proceeding pro se at the time." Doc 43 at 5.

Rule 10(e) states that if anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded by the district court before or after the record has been forwarded. Fed. R. App. P. 10(e)(2)(B). The purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict. *Shasteen v. Saver*,

252 F.3d 929, 935 (7th Cir. 2001). "Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court." *Id.* (*quoting United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987)0.

Citing to *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) Warren maintains that this court should grant his motion to supplement the record because the letters were before the Wisconsin Court of Appeals. However, Warren fails to acknowledge key factual distinctions between his case and *Cullen*. In *Cullen*, a California Jury convicted Scott Lynn Pinholster of two counts of first degree murder. *Id.* at 1388. Pinholster twice sought habeas relief in the California Supreme Court, alleging, inter alia, ineffective assistance of counsel and the Court denied the claim on the merits. *Id.* at 1388. Subsequently, a Federal District Court held an evidentiary hearing, considered new evidence and granted Pinholster federal habeas relief. *Id.* at 1388.

The Ninth Circuit considered the new evidence adduced in the District Court hearing and affirmed the decision. The Supreme Court reversed the Ninth Circuit and held that "review under § 2245(d)(1) is limited to the record before the state court that adjudicated the claim on the merits." *Id.* at 1398. In other words, in *Cullen*, the District Court expanded the record by considering evidence that was not before the California Courts when they adjudicated the merits of the case. The Supreme Court limits the ability of federal courts to consider evidence that was *not* in the record before the state court. Unlike *Cullen,* this court did not expand the record upon which it based its decision. The letters that Warren asks this court to include in the record were never before this court prior to the pending motion. Thus, *Cullen* is inapposite to this case and does not support Warren's assertion.

2

Despite the general rule limiting the record to material presented to the district court, some courts have discussed the existence of an "inherent equitable power to supplement the record on appeal to include information not presented to the district court." *See Chrysler Int'l Corp. v. Cherokee Exp. Co.*, No. 97-1003, 1998 U.S. App. LEXIS 1317, 1998 WL 45488 (6th Cir. Jan. 27, 1998) *(quoting In re Capital Cities/ABC, Inc.'s Application for Access*, 913 F.2d 89, 97 (3d Cir.1990)); *see also* 20 *Moore's Federal Practice*, § 310.10[5][e] (Matthew Bender 3d Ed.). Thus, courts may enlarge the record in unique cases when it believes the interests of justice are at stake. See *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980); *Bowie v. Thurmer*, No. 06-cv-640, 2008 U.S. Dist Lexis 121115 (E.D. Wis. March 20, 2008); 20 *Moore's Federal Practice*, § 310.10[5][f] (Matthew Bender 3d Ed.).

Here, the letters omitted from the District Court record allegedly provide evidence that Warren was concerned about his representation. Because Warren believes that the letters are necessary for the Court of Appeals to evaluate this court's decision denying his petition for a writ of habeas corpus and the respondent does not object to the request,

IT IS ORDERED that petitioner's motion to supplement (Doc. 41) the record is granted in the interest of justice.

IT IS FURTHER ORDERED that the Clerk of Court supplement the record with Exhibits A, B and C and transmit the same to the Court of Appeals.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

3